COUNTY OF HOKE v. HUEY I. BYRD AND WIFE, ZENOBIA ANN SMITH BYRD

No. 9116SC771

(Filed 20 October 1992)

**1. Municipal Corporations § 37 (NCI3d) — junkyards — fencing and vegetation — police power — valid ordinance**

A county ordinance requiring automobile graveyards, junkyards or repair shops located within specified distances from public roads, schools, churches or residences to be entirely surrounded by wire fencing and vegetation is a valid exercise of the police power where the stated objectives of the ordinance were to ensure the safety of county residents, to preserve the environment and physical integrity of the land,

COUNTY OF HOKE v. BYRD

[107 N.C. App. 658 (1992)]

and to protect county citizens from the spread of disease and a proliferation of rodents and mosquitoes; the objectives of the ordinance are within the scope of the police power; the ordinance establishes reasonable means to achieve its objectives; and the interference with the right of landowners to use their property is reasonable in degree.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 438-440, 471, 472.**

**Validity, construction, and application of zoning ordinance relating to operation of junkyard or scrap metal processing plant. 50 ALR3d 837.**

2. **Municipal Corporations § 37 (NCI3d) — junkyards — fencing and vegetation — equal protection**

A county ordinance requiring automobile graveyards, junkyards or repair shops in certain locations to be surrounded by wire fencing and vegetation does not establish an arbitrary classification in violation of equal protection. Appellants' contention that automobile repair yards, meat processing plants, sand and gravel pits, landfills and sites with open dumpsters are just as dangerous and aesthetically displeasing as the establishments regulated by the ordinance is insufficient to require a finding that the ordinance violates the equal protection clause.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 364-366.**

**Validity, construction, and application of zoning ordinance relating to operation of junkyard or scrap metal processing plant. 50 ALR3d 837.**

3. **Municipal Corporations § 37 (NCI3d) — junkyards — fencing and vegetation — county ordinance — no preemption by state statute**

A county ordinance requiring automobile graveyards, junkyards or repair shops located within specified distances from public roads, schools, churches or residences to be surrounded by wire fencing and vegetation was not preempted by the Junkyard Control Act, N.C.G.S. § 136-141 *et seq.*, since the Junkyard Control Act applies only to junkyards located on "primary highways," and defendants' junkyard is located

on a secondary road and is not subject to the Junkyard Control Act.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 374, 375.**

**4. Costs § 37 (NCI4th) — enforcing county ordinance — attorney's fees not permitted**

The trial court erred in awarding attorney's fees to plaintiff county as part of the costs in an action to enforce a county ordinance requiring wire fencing and vegetation around defendants' junkyard since there is no statutory authority for an award of attorney's fees in this case.

**Am Jur 2d, Costs § 33.**

APPEAL by defendant from judgment entered 25 April 1991 in HOKE County Superior Court by *Judge B. Craig Ellis.* Heard in the Court of Appeals 26 August 1992.

*Willcox & McFadyen, by Duncan B. McFadyen, III, for plaintiff-appellee.*

*Gill & Dow, by Douglas R. Gill, for defendants-appellants.*

WYNN, Judge.

Defendants, Huey I. Byrd and his wife, Zenobia Ann Smith Byrd, have owned a piece of property in Hoke County since 1975. Huey Byrd operates his business, Byrd's Welding and Repair Shop, on this property. Large quantities of scrap metal materials are stored on the property and used by Byrd in his business. They are not enclosed in any building.

On October 19, 1987, the Hoke County Board of Commissioners adopted an ordinance entitled *Ordinance Regulating the Operation or Maintenance of Automobile Graveyards, Junkyards and Repair Shops in Hoke County* (hereinafter *Hoke County Ordinance*). This ordinance requires that any automobile graveyard, junkyard or repair shop that is within three-hundred feet of the center line of any public road, within ½ mile of any school or church, within any residential area or within three-hundred feet of a housing unit must be entirely surrounded by wire fencing and vegetation. This vegetation "shall be of a type that can reach a minimum height of eight feet within eight years of the date planted and shall be

COUNTY OF HOKE v. BYRD

[107 N.C. App. 658 (1992)]

planted . . . so that a continuous, unopen hedgerow . . . will exist to a height of at least eight feet along the length of the fence . . . ."

The Byrds' property is a junkyard as defined in the ordinance. The property is located within three-hundred feet of the center line of Highway 211 and within three-hundred feet of the nearest residence. Within a ¼ mile wide strip contiguous and parallel to the outer boundaries of the Byrd property are twelve residences and one church. There is currently no fence nor any vegetation along the one thousand foot perimeter of the Byrd property.

Because Huey Byrd was operating his business prior to the implementation of the ordinance he was required to comply with "Section Seven, Nonconforming Automobile Graveyards, Junkyards and Repair Shops Existing at Effective Date of this Ordinance." Pursuant to this section, Byrd registered Byrd's Welding and Repair Shop with the Hoke County Health Department within 180 days and paid an initial license fee. Section Seven then allotted him a twelve month grace period within which to comply with the fencing and vegetation requirements.

The Byrds are presently in violation of the ordinance because they have failed to erect a wire fence and plant the necessary vegetation. As reason for this failure they cite the prohibitive costs of $6,700 for fencing and $1,900 for shrubbery. They appeal here from the Superior Court's order to remove the scrap materials from their property.

I.

Appellants first assign error to the trial court's determination that the ordinance is statutorily and constitutionally sufficient. In support of this contention, they present three arguments: (A) the ordinance is statutorily insufficient because it imposes prohibitively expensive requirements far beyond those necessary to achieve its purposes; (B) the ordinance violates appellants' constitutional right to equal protection of the laws; and (C) the ordinance is pre-empted by state statute. For the reasons that follow, we disagree.

A. Statutory Basis

[1] North Carolina General Statute § 153A-121 endows the counties with a general police power. *Summey Outdoor Advertising v. County of Henderson*, 96 N.C. App. 533, 537-38, 386 S.E.2d 439, 442-43 (1989), *disc. rev. denied*, 326 N.C. 486, 392 S.E.2d 101 (1990).

COUNTY OF HOKE v. BYRD

[107 N.C. App. 658 (1992)]

This statute provides that "[a] county may by ordinance define, regulate, prohibit, or abate acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the county; and may define and abate nuisances." N.C. Gen. Stat. § 153A-121(a) (1991). The validity of a county ordinance is determined via application of the test articulated by our Supreme Court in *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E.2d 444 (1979). This test first requires us to determine whether the Hoke County Ordinance represents a valid exercise of the police power. *Id.* at 214, 258 S.E.2d at 448. We conclude that it does. The ordinance was passed to ensure the safety of Hoke County citizens, to preserve the environment and physical integrity of the land, and to protect Hoke County citizens from the spread of disease and a proliferation of rodents and mosquitoes. Section Two: Purposes and Objectives, *Hoke County Ordinance*. As such, we find that it is within the broad boundaries of power conferred by the statute.

Once it is determined that the objectives of an ordinance are within the scope of the police power, the *A-S-P Associates* test next requires a determination that the means chosen to implement those objectives are not unreasonable. *A-S-P Associates*, 298 N.C. at 214, 258 S.E.2d at 448-49. In the subject case, the ordinance requires that any automobile graveyard, junkyard or repair shop that is within three-hundred feet of the center line of any public road, within ½ mile of any school or church, within ½ mile of any residential area, or within three-hundred feet of a housing unit must be entirely surrounded by wire fencing and vegetation. Appellants assert that these requirements are unreasonable. We disagree.

In determining whether the means by which the Hoke County Board of Commissioners has chosen to regulate are reasonable, we must employ the two-pronged inquiry set forth in *A-S-P Associates*: "(1) Is the [ordinance] in its application reasonably necessary to promote the accomplishment of a public good and (2) is the interference with the owner's right to use his property as he deems appropriate reasonable in degree?" *Id.*

Regarding the first prong, we note that the reasons for which the Hoke County Ordinance was passed, discussed *supra*, also articulate the public good the Board hopes to achieve. The findings published by the Board of Commissioners at the beginning of the

ordinance establish that the Board's regulation of automobile graveyards, junkyards and repair shops is reasonably necessary to achieve that desired public good. These findings indicate that, when located near public roads and schools, such establishments are "patently offensive to the dignity and aesthetic quality of the environment in Hoke County unless at least partially obstructed from view by appropriate fencing or combination of fencing and vegetation." *Hoke County Ordinance* at 1. Further, when such businesses are located near public roads, residential areas, schools and churches, the health, safety and welfare of citizens, residents and children are at risk "due to the hazard of fire, the possible entrapment of children and others in areas of confinement . . . and the possibility of injury to persons, especially children, resulting from said persons coming into contact with metal, glass or other rigid materials." *Id.*

Appellants contend that the ordinance is unreasonable because there are other less burdensome means by which Hoke County could achieve its purposes. While it is possible that the regulation might be just as effective with some lesser means of enclosing the targeted properties, it is equally possible that any less burdensome means would be inadequate. "When the most that can be said against [an ordinance] is that whether it was an unreasonable, arbitrary or unequal exercise of power is fairly debatable, the courts will not interfere." *A-S-P Associates*, 298 N.C. at 214, 258 S.E.2d at 449 (citations omitted). The Hoke County Board of Commissioners has been charged, via statute, with determining what actions are in the best interests of its citizens. As a rule, therefore, this Court should not substitute its own judgment for the Board's discretion. *Id.*

Appellants contend that *State v. Vestal*, 281 N.C. 517, 189 S.E.2d 152 (1972), lends support to their argument that the ordinance, as applied to them, is invalid. We, however, find that case to be distinguishable from the case at bar. The ordinance in *Vestal* was applied to the owner of an automobile wrecking yard located in a "general industrial district." *Id.* at 523, 189 S.E.2d at 157. It was found to be invalid because it had "no substantial relation to the public health, morals or safety such as will sustain the requirement as a legitimate exercise of the police power of the State for any of these purposes." *Id.* The "general industrial district" in which Vestal's automobile wrecking yard was located is much different than the rural area, surrounded by houses and

churches, in which the Byrds' property is located. The *Vestal* Court recognized that in populated areas where "the safety of pedestrians upon adjoining sidewalks, the fire hazard inherent in an accumulation of junk, the threat to the public health incident to the attraction of such yards for rats . . . and the attraction of materials therein for playing children" are at issue, then there is a legitimate need for secure fencing. *Id.* at 524, 189 S.E.2d at 157. That describes precisely the location of the Byrds' property. Even though it is in what would be classified a rural area, it is near enough to a residential, populated area to warrant the fencing and vegetation requirements imposed by the Hoke County Ordinance. The ordinance establishes reasonable means to achieve its objectives and therefore meets the first prong set forth in *A-S-P Associates*.

The second prong is also met: The interference with the Byrds' right to use their property as they deem appropriate is reasonable in degree. Appellants argue that because Byrd's Welding and Repair Shop realized a net profit of only $527 in 1989, the $8,600 cost they will incur in complying with the ordinance. will likely prohibit them from continuing the business. However, appellants present no evidence to support their contention that the ordinance is prohibitively expensive for all salvage yard owners in Hoke County, only that it is prohibitively expensive for them. "In examining the reasonableness of an ordinance, due process dictates that the court look at the entire ordinance and not only at the provision as it applies to a particular inhabitant of the municipality. The fact that one citizen is adversely affected by a zoning ordinance does not invalidate the ordinance." *State v. Joyner*, 286 N.C. 366, 371, 211 S.E.2d 320, 323, *appeal dismissed*, 422 U.S. 1002, 45 L.Ed.2d 666 (1975). Moreover, there are numerous other uses the Byrds can make of their property if they ultimately decide the cost of compliance is too high. We, therefore, conclude that the interference with the Byrds' property is reasonable in degree.

### B. Constitutional Basis

[2]   Also in support of their first assignment of error, appellants assert that the ordinance singles out a narrow class of businesses for regulation with no rational basis for distinguishing that class from other businesses. We disagree.

The rational basis standard is the correct standard to apply where a governmental classification does not infringe upon a fundamental right nor involve a suspect classification. *White v. Pate*,

308 N.C. 759, 766, 304 S.E.2d 199, 204 (1983). Thus, a classification is presumed to be constitutional unless it "trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage." *New Orleans v. Dukes*, 427 U.S. 297, 303, 49 L.Ed.2d 511, 517 (1976). Because the classification in the subject case does not involve an inherently suspect distinction, it must merely be rationally related to some legitimate state interest in order to be found constitutional. *Id.* In determining whether there is such a rational relationship "it is only invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." *Id.* at 303-04, 49 L.Ed.2d at 517.

Appellants assert that there is no rational basis for singling out businesses like theirs. They contend that "[j]unkyards alone are singled out and placed within a unique class . . . ." However, the record indicates that the ordinance applies to automobile graveyards, junkyards, and repair shops, not just to junkyards. These businesses are defined in the Hoke County Ordinance as follows:

A. *Automobile Graveyard*: Site where more than three (3) wrecked, scrapped, ruined, dismantled, or inoperable motor vehicles or motorized equipment not being restored to operation are located on a land parcel used in conjunction with any establishment; or site where there are more than three (3) wrecked, scrapped, ruined, dismantled, or inoperable motor vehicles or motorized equipment used in conjunction with said establishment but located on another land parcel.

J. *Junkyard*: Any land parcel which is maintained, operated, or used for storing, keeping, buying or selling junk in conjunction with any establishment which is maintained, operated, or used for storing, keeping, buying or selling junk regardless of the length of time that junk is stored or kept, or for maintenance or operation of an automobile graveyard. "Junkyard" shall not include the County operated sanitary landfill.

O. *Repair Shop*: An establishment which is maintained and operated for the purpose of repairing, storing, keeping, buying or selling appliances or equipment other than motor vehicles and which stores or keeps any of the said appliances or equipment on the land parcel outside a building.

Section Three: Definitions, *Hoke County Ordinance*. Subjecting these three types of businesses to the regulation of the ordinance is rationally related to the protection of citizens from the dangers the Board of Commissioners believes such businesses present.

The classification of automobile graveyards, junkyards and repair shops is not arbitrary, as it violates none of the rules recognized by the United States Supreme Court in *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 55 L.Ed. 369 (1911), to test an allegation of arbitrariness. The first rule states that the legislative body making the classification is to be granted broad discretion and will be overturned only if it acts without any reasonable basis and the classification is, therefore, purely arbitrary. *Id.* at 78, 55 L.Ed. at 377. The Board of Commissioners found that the establishments regulated by the ordinance posed a threat to the safety and welfare of the citizens of Hoke County. The Board, therefore, established a class of automobile graveyards, junkyards, and repair shops and regulated them accordingly. The second rule states that just because a classification is "not made with mathematical nicety or . . . in practice results in some inequality" does not in itself establish a violation of the equal protection clause. *Id.* Thus, appellants' contention that automobile repair yards, meat processing plants, sand and gravel pits, landfills, and sites with open dumpsters are just as dangerous and aesthetically displeasing as the establishments regulated by the Hoke County Ordinance is not by itself sufficient to find the Board of Commissioners' classification violative of the equal protection clause. This is further supported by the third rule, which states that when a classification is questioned, "if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the [ordinance] was passed must be assumed." *Id.* It is not unreasonable to assume that the businesses appellants assert should be classified with theirs do not pose the same dangers, and, therefore, any regulation of such other businesses should be a separate consideration. The final rule recognized with respect to arbitrary classification provides that anyone challenging the validity of a classification has the burden of proving it is arbitrary. *Id.* at 78-79, 55 L.Ed. at 377. Appellants, however, have presented no convincing argument to rebut the validity of the classification at issue. We conclude, therefore, that the Board of Commissioners did not act arbitrarily in regulating a class of automobile graveyards, junkyards and repair shops. The ordinance itself articulates the Board's find-

ings that such establishments posed a threat to the safety and welfare of the citizens of Hoke County and thus illustrates that the classification was carefully considered.

## C. Pre-emption by State Statute

[3] Finally, in support of their first assignment of error, appellants contend that the subject the ordinance purports to regulate has already been pre-empted by state law. When a state statute is in effect at the time an ordinance is passed, which statute regulates the same area the ordinance purports to regulate, the ordinance is pre-empted and is thus invalid. *State v. Tenore*, 280 N.C. 238, 248, 185 S.E.2d 644, 651 (1972).

Appellants argue that North Carolina's "Junkyard Control Act of 1971," N.C. Gen. Stat. §§ 136-141 — 136-155 (1986), renders the Hoke County Ordinance void as pre-empted. This Act provides that "[n]o junkyard shall be established, operated or maintained, any portion of which is within 1,000 feet of the nearest edge of the right-of-way of any interstate or *primary highway*" unless it falls into one of the statute's enumerated exceptions. *Id.* § 136-144 (emphasis added).

Apparently, appellants would prefer to be subject to this statute because the screening requirements are less stringent than those provided for in the ordinance. The Junkyard Control Act, however, applies only to junkyards located on "primary highways." The trial court found as fact that the Byrds' property is located on Highway 211, and that Highway 211 "is designated by the North Carolina Department of Transportation as a federal-aid secondary road" and is therefore not subject to the provisions of the "Junkyard Control Act." Therefore, appellants' assertion that the ordinance is pre-empted by the statute is without merit.

In summary, we conclude that while the subject ordinance does impose expensive requirements on the Byrds which may prohibit them from continuing to use their property in *one* manner, these requirements do not exceed the boundaries of the Board's discretion and, therefore, the ordinance should be left undisturbed. Moreover, the Byrds are not deprived of equal protection of the laws, as the class of businesses subject to the ordinance is rationally related to a legitimate purpose, nor is the ordinance pre-empted by any state statute. Thus, appellants' first assignment of error is overruled.

**[4]** Appellants' second and final assignment of error challenges the trial court's determination that the Byrds should pay the plaintiff-appellee's attorneys' fees. Appellants argue that there is no statutory authority which supports such an award. We agree.

Attorneys' fees cannot be awarded unless specifically authorized by statute. *City of Charlotte v. McNeely*, 281 N.C. 684, 695, 190 S.E.2d 179, 187 (1972). The legislative authority of the Hoke County Board of Commissioners is limited to that which is "granted to it expressly or by necessary implication from expressly granted powers." *State v. Tenore*, 280 N.C. 238, 249, 185 S.E.2d 644, 651 (1972). The statute granting Hoke County the authority to pass the ordinance at issue does not provide for attorneys' fees. Appellee asserts that "if the Court of Appeals finds that the County has the authority to adopt an Ordinance providing that attorneys' fees may be awarded as part of the costs, the trial court's findings should be affirmed."

We are unwilling to extend the authority granted in the statute to allow the Board to award attorneys' fees absent a *specific* statutory provision. Thus, we reverse the award of attorneys' fees in this case.

For the foregoing reasons the decision of the trial court is,

Affirmed as to the validity of the ordinance and reversed as to the award of attorneys' fees.

Chief Judge HEDRICK and Judge LEWIS concur.