2000 ND 49

**MOUNTRAIL COUNTY, North Dakota, Plaintiff and Appellee,**

v.

**William HOFFMAN, d/b/a L.A. Wrecking, Defendant and Appellant.**

**No. 990259.**

Supreme Court of North Dakota.

March 21, 2000.

Wade G. Enget, State's Attorney, Stanley, for plaintiff and appellee.

William Hoffman, Parshall, pro se.

SANDSTROM, Justice.

[¶ 1] William Hoffman, doing business as L.A. Wrecking, appealed from a summary judgment declaring his junkyard and auto graveyard a public nuisance, enjoining him from permitting the storage of junk autos there, and granting Mountrail County the right to abate the nuisance. Because there are no genuine issues of material fact, we conclude summary judgment was proper. We affirm.

## I

[¶ 2] The relevant facts are undisputed. In response to Congress's passage of the Highway Beautification Act of 1965, codified at 23 U.S.C. § 136, the Legislature in 1967 enacted N.D.C.C. § 24–16–03, which forbids the establishment and maintenance of "junkyards, auto graveyards, or scrap metal processing facilities" within 1,000 feet of "the nearest edge of the right of way of a highway on the state highway system unless permission has been granted by the director" of the Department of Transportation ("DOT"), and declares junkyards established in violation of N.D.C.C. ch. 24–16 a "public nuisance." Since 1979, Hoffman has operated an unscreened junkyard and auto graveyard within 1,000 feet of North Dakota State Highway 23 near New Town. Hoffman has not asked for or received permission from the director of DOT to operate his junkyard within 1,000 feet of the highway.

[¶ 3] In March 1998, the County sued Hoffman to abate the public nuisance created by his junkyard. After a default judgment against Hoffman was vacated, the County moved for summary judgment. The trial court granted the County's motion and dismissed Hoffman's counterclaim for damages arising from alleged procedural irregularities occurring after default judgment was entered.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Hoffman's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] Summary judgment under N.D.R.Civ.P. 56 is a procedural device for promptly disposing of a lawsuit without trial if, after viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact or conflicting inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Jose v. Norwest*

*Bank North Dakota, N.A.,* 1999 ND 175, ¶ 7, 599 N.W.2d 293.

[¶ 6] Hoffman does not challenge dismissal of his counterclaim, but contends the County had no authority to enforce the provisions of N.D.C.C. ch. 24–16. Although N.D.C.C. § 24–16–03 allows the director of DOT to enforce N.D.C.C. ch. 24–16, nothing in the statutes indicates the director has exclusive enforcement authority. Statutes relating to the same subject matter should be construed in harmony whenever possible. *See City of Bismarck v. Fettig,* 1999 ND 193, ¶ 14, 601 N.W.2d 247. A public nuisance may be abated by any public body or officer authorized by law, N.D.C.C. § 42–01–09, and by a state's attorney. N.D.C.C. § 42–02–01. We conclude the County had authority to bring this action.

[¶ 7] Hoffman argues his junkyard does not violate any of the County's zoning ordinances, and therefore his business falls within the exception in N.D.C.C. § 24–16–11, which allows operation of junkyards and auto graveyards within 1,000 feet of a highway if they "are zoned under the authority of state law or which are not zoned under the authority of state law, but are used for industrial activities as determined by the director." Assuming Hoffman's junkyard does not violate the County's zoning ordinances, we decline to interpret the statutory phrase, "zoned under the authority of state law," to mean zoned in compliance with the County's ordinances. Hoffman's interpretation would allow the County's zoning ordinances to supersede federal law, *see* 23 U.S.C. § 136; 23 C.F.R. § 751.1, and state law. *See* N.D.C.C. § 24–16–03. Although counties have general authority to enact zoning ordinances, *see* N.D.C.C. § 11–33–01; *Shaw v. Burleigh County,* 286 N.W.2d 792, 795 (N.D.1979), a local governing body cannot validly enact a zoning ordinance that contravenes federal or state law. *See State ex rel. City of Minot v. Gronna,* 79 N.D. 673, 697, 59 N.W.2d 514, 531 (1953); 1 E. Yokley, *Zoning Law and Practice* § 3–12

(1978); *see also County of Hoke v. Byrd,* 107 N.C.App. 658, 421 S.E.2d 800, 805 (1992). Hoffman's junkyard was not zoned under authority of state law, and the di-rector of DOT has not determined the junkyard was used for industrial activities.

 [¶ 8] Hoffman argues the County is estopped from abating the nuisance be-cause it allowed him to operate his busi-ness for almost 20 years. The equitable doctrine of estoppel is intended to aid in-nocent parties, not to uphold a wrong of any character. *Perske v. Job Service North Dakota,* 336 N.W.2d 146, 150 (N.D. 1983). Hoffman started his junkyard and auto graveyard business in violation of state law more than 10 years after N.D.C.C. § 24–16–03 was enacted, and "[n]o lapse of time can legalize a public nuisance amounting to an actual obstruc-tion of public right." N.D.C.C. § 42–01–14. These facts are insufficient as a mat-ter of law to establish estoppel.

■ [¶ 9] Hoffman's argument he is en-titled to just compensation is equally una-vailing. Hoffman began his business long after N.D.C.C. ch. 24–16 went into effect, and the government's exercise of its police power to abate a public nuisance does not entitle the property owner to compensa-tion. *City of Minot v. Freelander,* 426 N.W.2d 556, 560 (N.D.1988).

[¶ 10] We have considered Hoffman's other arguments and deem them to be without merit. We conclude there are no genuine issues of material fact and the trial court correctly granted summary judgment in favor of the County as a matter of law.

### III

[¶ 11] The summary judgment is af-firmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.