SOLEN PUBLIC SCHOOL DISTRICT NO. 3, Plaintiff and Appellant,

v.

William P. HEISLER, Marian Keller, Richard Schnell, Maury Thompson, and the Honorable Lester J. Schirado, as the Sioux and Morton County Committee, Defendants and Appellees.

Civ. No. 10957.

Supreme Court of North Dakota.

Jan. 30, 1986.

---

Bair, Brown, & Kautzmann, Mandan, N.D., for plaintiff and appellant; argued by Dwight C.H. Kautzmann.

John M. Olson, Bismarck, N.D., for defendants and appellees.

GIERKE, Justice.

Solen Public School District No. 3 (Solen) appeals from a judgment of the district court affirming a decision of the Combined Committee of Sioux and Morton Counties (Committee) which authorized the parents of certain children living within the Solen school district (parents) to send their children to Flasher schools with payment of tuition by Solen. We affirm.

Pursuant to Section 15–40.2–05, N.D. C.C., the parents petitioned Solen to pay the tuition for their children to attend school in Flasher. On August 30, 1984, Solen denied the petitions, and on September 10, 1984, the parents appealed that decision to the Committee consisting of the county judge, state's attorney, and county superintendent of schools from Sioux and

Morton Counties. The Committee met on September 18, 1984, and heard testimony in support of and against the parents' petition. All members of the Committee, except the Honorable Lester J. Schirado, County Judge of both Sioux and Morton Counties, were present at that meeting. The Committee voted to require Solen to pay tuition for three children to attend Flasher schools for the 1984–1985 school year. The minutes of the meeting reflect the following:

"Arbitration Board members present considered each child individually. Due to the absence of Judge Lester Schirado of Morton and Sioux Counties and there being a tie vote on six individuals, the board agreed unanimously to a continuance until Judge Schirado would be able to appear."

The Committee reconvened on October 2, 1984. Solen was notified of, but did not appear at, that meeting. After hearing additional testimony, the Committee voted to authorize sending the remaining children to school in Flasher and to require Solen to pay their tuition for the 1984–1985 school year.

Solen then brought an action in district court against the Committee for declaratory and injunctive relief. It asserted that under Section 15-40.2-05, N.D.C.C., the Committee did not have jurisdiction to render a decision at the October 2 meeting, because more than fifteen days had elapsed from the filing of the appeal with the county superintendent of schools. The district court treated the action as an application for writ of certiorari and concluded that, although more than fifteen days had passed between the time when the parents filed the notice of appeal and the Committee's decision, the Committee had not lost jurisdiction to decide the issues before it. Judgment was entered affirming the proceedings of the Committee, and Solen appealed.

The portion of Section 15-40.2-05, N.D.C.C., at issue in this case provides:

"In the event such application [for tuition charges] shall be disapproved [by the school district], the parent or guardian of the pupil may file an appeal with the county superintendent of schools, and a three-member committee consisting of the county judge, state's attorney, and the county superintendent of schools *shall* within fifteen days consult with the school boards of the districts concerned and with the parent or guardian of the pupil concerned and render a decision in regard to payment of the tuition charges." [Emphasis added.]

■ Ordinarily, the word "shall" in a statute creates a duty which is mandatory and the word "may" creates a duty which is directory; however, where it is necessary to effect the legislative intent, the word "shall" will be construed as "may". *In Interest of Nyflot*, 340 N.W.2d 178 (N.D. 1983); See generally 2A Sutherland, Stat. Const., ch. 57 (4th Ed.).

■ Mandatory and directory statutes each impose duties, and their difference lies in the consequence of the failure to perform the duty. The mandatory-directory dichotomy relates to whether the failure to perform a duty will invalidate subsequent proceedings. *E.g.*, 1A Sutherland, Stat. Const., § 25.03 (4th Ed.); 2A Sutherland, Stat. Const., § 57.01 (4th Ed.). If the prescribed duty is essential to the main objective of the statute, the statute is mandatory and the failure to comply with it will invalidate subsequent proceedings; however, if the duty is not essential to accomplishing the main objective of the statute but is designed to assure order and promptness in the proceeding, the statute is directory and the failure to comply with it will not invalidate subsequent proceedings. *Mobile County Republican Executive Committee v. Mandeville*, 363 So.2d 754 (Ala.1978); *Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (1980); *Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977); *Sanders v. Dept. of Health & Human Resources*, 388 So.2d 768 (La. 1980); *Ramirez v. State*, 550 S.W.2d 121 (Tex.Civ.App.1977).

Statutory provisions concerning the performance of duties by public officers within a specified time are generally construed to be directory so that the interests of private parties and the public will not be injured because of the delay. *Vann v. District of Columbia Bd. of Funeral Directors and Embalmers*, 441 A.2d 246 (D.C.1982); *Taylor v. Department of Transportation, supra;* see 2A Sutherland Stat. Const. § 57.19 (4th Ed.). That result is premised on grounds of policy and equity to avoid harsh, unfair, or absurd consequences when a mandatory construction may do great injury to a party not at fault. 2A Sutherland Stat. Const. § 57.19 (4th Ed.). Thus, in order to protect all interests involved, courts employ a balancing test to determine whether prejudice to a party caused by the delay is outweighed by the interests of another party or the public in allowing the act to be performed after the statutory time period has elapsed. *Vann v. District of Columbia Bd. of Funeral Directors and Embalmers, supra*, 441 A.2d at 248, and cases cited therein.

The primary objective of Chapter 15-40.2, N.D.C.C., is to provide a procedure for children living in one school district to attend school in another district. The narrower purpose of Section 15-40.2-05, N.D.C.C., is to provide a procedure for parents to petition the school district where the child resides for payment of tuition. If the school board of the child's residence refuses to pay the tuition and the three-member committee disapproves payment of the tuition, the parent or guardian may pay the tuition. Section 15-40.2-06, N.D.C.C. Within the context of this chapter, we believe that the Legislature intended the fifteen-day time period to assure order and promptness in the proceeding and that, in the absence of prejudice to an interested party, the Legislature did not intend that noncompliance would preclude action on applications filed under the statute. In support of this conclusion, we note that there is no provision specifically relating to the consequences of the failure of the Committee to act within fifteen days, while there is such a provision relating to a school board's failure to act on the parent's original application within sixty days.[1]

In reaching this result, we are cognizant that the September 18 meeting was within the fifteen-day time period, and it was unanimously continued until Judge Schirado could appear. A stipulation between the parties provided that after the vote at the September 18 meeting, "the joint committee recessed subject to recall and reconvened on October 2, 1984." Solen was notified and invited to appear at the October 2 meeting, but did not appear. In this case, we believe that any prejudice to Solen which may have been caused by the delay is outweighed by the interests of the parents and the public in allowing the decision to be made after the fifteen days.

Accordingly, we conclude that the Committee's action at the October 2 meeting was within its jurisdiction and valid.

Solen also asserts that it was denied due process because the verbal notice of the October 2 meeting did not inform it that "additional testimony would be taken and a reconsideration made of the pupils who did not obtain sufficient votes to receive funding in the Flasher school system" at the September 18 meeting. Solen candidly points out that the reason it did not participate at the October 2 meeting

---

1. Section 15-40.2-05, N.D.C.C., provides, in pertinent part:

   "The parent or guardian of any pupil who is a resident of a district may apply in writing to the school board of the school district of residence of the pupil for approval of the payment of tuition charges to another school district for attendance of the pupil in such other school district. The school board shall, within sixty days of its receipt of such application, meet with the parent or guardian of the pupil concerned and render a decision in regard to payment of tuition charges. *If the school board has not rendered a decision within sixty days of receipt of the application, the application shall be deemed approved.*" [Emphasis added.]

was because it took the position that the fifteen-day time period had expired.[2]

Solen's argument is, in part, premised on its position that, at the September 18 meeting, there was a final decision denying tuition benefits for some of the children. However, the minutes of that meeting and an affidavit of a member of the Committee submitted to the district court reflects that the Committee was unable to reach a final decision on some of the children and that the meeting was continued for that purpose. The Committee's action at the reconvened meeting was within its jurisdiction and valid. Consequently, we do not believe that Solen may successfully argue that it was denied due process because, as it asserts, it was not specifically informed that additional testimony would be taken and a "reconsideration" of votes taken. We conclude that Solen was given sufficient notice of that meeting.

Accordingly, the district court judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE, and MESCHKE, JJ., concur.

---

**2.** Solen does not contend that it did not know that the meeting was going to be reconvened on    October 2.