Filed 2/1/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 36

St. Alexius Medical Center, d/b/a

Great Plains Rehabilitation, Appellant

v.

North Dakota Department

of Human Services, Appellee

No. 20170200

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Jason T. Lundy (argued), Chicago, IL and Sean O. Smith (appeared), Bismarck, ND, for appellant.

Elizabeth A. Fischer (argued), and James E. Nicolai (appeared), Office of the Attorney General, Bismarck, ND, for appellee.

St. Alexius Medical Center v. N.D. Dep’t of Human Services

No. 20170200

Jensen, Justice.

[¶1] St. Alexius Medical Center, doing business as Great Plains Rehabilitation (“Great Plains”), appeals from a district court judgment affirming a decision of the Department of Human Services (“the Department”) determining that the Department was entitled to recoup overpayments made to Great Plains.  Great Plains argues that the Department’s decision should be reversed because the Department did not issue the decision within the statutory time limit, the Department did not provide a fair process for disputing the Department’s position, and the Department’s findings of fact are not supported by the evidence.  We affirm the judgment.

I

[¶2] This case is one of three factually similar cases arising from administrative appeals initiated by providers of durable medical equipment and supplies (DME) to Medicaid recipients.  
See Sanford HealthCare Accessories, LLC v. N.D. Dep’t of Human Servs.
, 2018 ND 35; 
Altru Specialty Servs., Inc. v. N.D. Dep’t of Human Servs.
, 2017 ND 270, 903 N.W.2d 721.  In all three cases, the Department issued administrative decisions determining that it was entitled to recoup overpayments made to the providers.  In the 
Sanford
 and 
Altru
 cases, the district court determined the Department’s decisions were “not in accordance with the law” under N.D.C.C. § 28-32-46(1) because the Department failed to issue the decisions within the seventy-five day deadline set forth in N.D.C.C. § 50-24.1-24(5).  Great Plains did not challenge the timeliness of the Department’s decision in the district court, and the district court affirmed the Department’s decision after reviewing the Department’s findings. 

[¶3] The Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq. (2010), and related federal regulations require states to establish a Medicaid Recovery Audit Contractor Program (“RAC”) to audit past payments to ensure the state’s Medicaid billing procedures and policies were followed by providers who requested payment of Medicaid claims.  The Department contracted with an audit contractor to conduct the audit and review provider submitted Medicaid claims.

[¶4] The documentation requirements and procedures for billing Medicaid claims are included in the Manual for Durable Medical Equipment, Orthotics, Prosthetics & Supplies (“DME Manual”) published by the Department and available on the internet.  
See
 Manual for Durable Medical Equipment, Orthotics, Prosthetics & Supplies (March 2013), www.nd.gov/dhs/services/medicalserv/medicaid/docs/dme/dme-manual.pdf.  The parties agree the relevant part of the DME Manual provides: “The diagnosis, medical necessity, and the projected length of need for a covered item must be included on the prescription, prior auth, or Certificate of Medical Necessity (CMN).”  Great Plains asserted that the three items listed in the manual (diagnosis, medical necessity, and length of need) can be provided through a combination of the prescription, prior authorization, or certificate of medical necessity.  The RAC auditor interpreted the language in the manual to require all three items to be found within a single record, i.e., either the prescription, prior authorization, or certificate of medical necessity.

[¶5] The RAC audit determined that Great Plains had received overpayment from the Department in at least forty claims.  For each of those claims, the RAC audit noted multiple deficiencies in the documentation Great Plains had provided to support Medicaid billings for equipment provided to Medicaid recipients.  Great Plains sought administrative review challenging the findings of the RAC audit.

[¶6] Great Plains filed its request for review of the RAC audit with the Department on August 6, 2015.  Twenty days later, the Department sent Great Plains a letter outlining the documentation that Great Plains could submit to satisfy Medicaid’s billing requirements for establishing the diagnosis, medical necessity, and projected length of need for DME.  In the August 2015 letter to Great Plains, the Department noted its agreement with Great Plains that it would be acceptable for the diagnosis, medical necessity, and length of need to be found in a combination of the prescription, prior authorization, and certificate of medical necessity documents.  The Department directed Great Plains to mark an “A” on one of the three acceptable documents showing the diagnosis, a “B” on one of the three documents showing the medical necessity, and a “C” on one of the three documents showing the projected length of need.

[¶7] In response to the Department’s August 2015 letter, Great Plains resubmitted the claims, marking the documents to show which documents included the diagnosis, medical necessity, and projected length of need.  In some instances, Great Plains altered original prescription documents by adding the phrase “one time dispense” next to a designation of “C.”

[¶8] On March 29, 2016, the Department issued an administrative decision finding Great Plains had not complied with Medicaid billing requirements with respect to all forty claims, an overpayment had been made to Great Plains in the amount of $96,140.35, and the Department was entitled to a recoupment of the overpayment. The decision noted that the requirement to document the diagnosis, medical necessity and length of need must be fulfilled by including the information within a combination of the prescription, prior authorization or certificate of medical necessity and could not be satisfied if the information was somewhere else within the medical record. The administrative decision also specifically noted Great Plains could not satisfy the documentation requirements by modifying an original prescription to include the length of need.

[¶9] On April 29, 2016, Great Plains filed a Notice of Appeal and Specifications of Errors for Administrative Review, timely appealing the administrative decision to the district court. Great Plains advanced eight specifications of error, but did not challenge the timeliness of the Department’s decision.  Great Plains also failed to challenge the timeliness of the Department’s decision in its subsequent pleadings in the district court.

[¶10] On December 19, 2016, the district court issued an order affirming the Department’s administrative decision.  The court rejected Great Plains’ contentions that the Department did not afford it a fair hearing, that the Department violated the adjudicative procedure requirements of the Administrative Agencies Practice Act (“AAPA”), N.D.C.C. ch. 28-32, and that the Department’s findings of fact were unsupported by the record.  The district court did not address the timeliness of the Department’s decision because Great Plains had not raised the issue.  Great Plains filed a timely appeal of the district court’s decision to this Court.

II

[¶11] An administrative agency’s decision is reviewed under the standard set out in N.D.C.C. § 28-32-46.  
See
 
Welch v. Workforce Safety & Ins.
, 2017 ND 210, ¶ 11, 900 N.W.2d 822.  Under N.D.C.C. § 28-32-46, an administrative agency’s decision will be affirmed on appeal unless the order is not in accordance with the law, the order violates the appellant’s constitutional rights, the provisions of N.D.C.C. ch. 28-32 have not been complied with in the agency proceedings, the agency’s rules or procedure have not afforded the appellant a fair hearing, the findings of fact are not supported by a preponderance of the evidence, or the conclusions of law are not supported by the findings of fact.  
See
 
Welch
, at ¶ 11.

III

[¶12] For the first time, on appeal, Great Plains argues the Department lost subject matter jurisdiction over the action because it failed to issue a final decision within seventy-five days as required by N.D.C.C. § 50-24.1-24(5).  Great Plains admits it did not raise this issue before the district court, but contends it can raise the Department’s failure to issue a decision within the statutory time limit for the first time on appeal because it is a jurisdictional issue.

[¶13] Section 50-24.1-24(5), N.D.C.C., states, “The department shall make and issue its final decision within seventy-five days of receipt of the notice of request for review.”  Generally, the use of the word “shall” in a statute creates a mandatory duty and the use of the word “may” creates a directory duty; however, this Court has said the word “shall” will be construed as “may” where it is necessary to effect the legislative intent.  
Solen Pub. Sch. Dist. No. 3 v. Heisler
, 381 N.W.2d 201, 203 (N.D. 1986).  This Court explained:

If the prescribed duty is essential to the main objective of the statute, the statute is mandatory and the failure to comply with it will invalidate subsequent proceedings; however, if the duty is not essential to accomplishing the main objective of the statute but is designed to assure order and promptness in the proceeding, the statute is directory and the failure to comply with it will not invalidate subsequent proceedings.

Id
.  Statutes requiring performance of a duty by a public officer within a specified time are generally construed to be directory so that the interests of private parties and the public will not be injured because of the delay.  
Id
. at 204.  “[C]ourts employ a balancing test to determine whether prejudice to a party caused by the delay is outweighed by the interests of another party or the public in allowing the act to be performed after the statutory time period has elapsed.”  
Id
.  This Court has said non-

compliance with statutory time requirements intended to ensure order and promptness alone will not invalidate the administrative action without a showing of prejudice.  
See
 
Ramsey Cty. Farm Bureau v. Ramsey Cty.
, 2008 ND 175, ¶ 13, 755 N.W.2d 920.  If the time requirement is directory, it is not jurisdictional and may be waived.  
See
 
Disciplinary Bd. v. McDonald
, 2000 ND 87, ¶ 32, 609 N.W.2d 418; 
Interest of Nyflot
, 340 N.W.2d 178, 182-83 (N.D. 1983).

[¶14] The purpose of N.D.C.C. § 50-24.1-24 is to allow a provider to appeal a denial of payment and ensure proper payment to providers furnishing medical or remedial services or supplies to people receiving medical assistance.  The statutory time requirement on the Department’s final decision is designed to assure an orderly and prompt resolution of the matter, and “generally reflects the legislature’s view as to the proper time frame in which the agency should act[.]”  
Lippert v. Grand Forks Pub. Sch. Dist.
, 512 N.W.2d 436, 440 (N.D. 1994).

[¶15] The seventy-five day time limit is directory, not mandatory, and the Department’s failure to issue a decision within seventy-five days does not terminate the Department’s subject matter jurisdiction.  Great Plains concedes that if the statutory time requirement does not control subject matter jurisdiction, it has waived the issue by failing to raise it in its specification of errors and before the district court. It is therefore not necessary to employ a balancing test to determine whether any prejudice to Great Plains caused by the delay is outweighed by the interests of the Department or the public in allowing the act to be performed after the statutory time period has elapsed.

IV

[¶16] Great Plains argues the Department’s decision should be reversed because the Department’s findings of fact are not supported by the evidence.  The Department determined Great Plains failed to document the diagnosis, medical necessity, and length of need within a combination of the prescription, the prior authorization, or the certification of medical necessity.  Great Plains contends the Department incorrectly determined that Great Plains failed to properly document the diagnosis, medical necessity, and length of need in 38 of the 40 claims.

[¶17] The DME Manual provides the requirements for provider documentation of claims and states the following:  “The diagnosis, medical necessity, and the projected length of need for a covered item must be included on the prescription, prior auth, or Certificate of Medical Necessity (CMN).”  Great Plains gave three examples of patients whose records show each of these three elements.  However, in each of the three examples, the diagnosis, medical necessity, and projected length of need are provided in various documents but are not provided in the documents outlined in the DME Manual.  Great Plains admits that the DME Manual requires the information be documented on prescription, prior authorization, or certificate of medical necessity and that it provided the required information in non-compliant documents.  The Department’s findings that Great Plains failed to properly document the claims are therefore supported by the evidence.

V

[¶18] Great Plains argues the Department’s decision should be reversed because the Department’s review process did not comply with provisions of the AAPA.

[¶19] Section 50-24.1-24, N.D.C.C., provides the procedure for appeals of denial of payment to providers.  A provider may request review of denial of payment; provide documents, written statements, exhibits, and other information to support the request for review; and “may contact the department for an informal conference regarding the review anytime before the department has issued its final decision.”  N.D.C.C. § 50-24.1-24. Section 50-24.1-24, N.D.C.C., also requires that the Department’s final decision conform to the requirements of N.D.C.C. § 28-32-39, a provision of the AAPA.

[¶20] Great Plains contends the Department did not comply with adjudicative procedural requirements of the AAPA.  Great Plains claims application of the AAPA would have allowed it to participate in a trial-like hearing with an opportunity to respond, conduct cross-examination, and submit rebuttal evidence.  Great Plains argues that the reference to N.D.C.C. § 28-32-39 within N.D.C.C. § 50-24.1-24 incorporates the provisions of the AAPA related to administrative adjudicative proceedings to these proceedings and requires a process similar to a trial.

[¶21] We have previously addressed the interplay between the provisions of the AAPA and other statutes providing a procedure for administrative review.  
See
, 
e.g.
, 
Landsiedel v. Dir., N.D. Dep’t of Transp
., 2009 ND 196, ¶ 13, 774 N.W.2d 645. In 
Landsiedel
 we addressed the AAPA’s permissive use of telephonic hearings and a specific prohibition about telephonic hearings provided in the statutory provisions governing Department of Transportation hearings and noted the following:

Although N.D.C.C. § 28-32-35 provides agencies “may” conduct telephonic hearings, the statute does not conflict with N.D.C.C. § 39-20-05, which prohibits the Department from unilaterally requiring hearings to be conducted telephonically.  In addition to permitting telephonic hearings, N.D.C.C. § 28-32-35 also requires hearing officers “regulate the course of the hearing in conformity with this chapter and . . . any other applicable laws. . . .”  The Administrative Agencies Practice Act therefore requires that the Department’s hearing officers comply with its procedural requirements as well as those embodied in other applicable statutes, including N.D.C.C. § 39-20-05.  Because N.D.C.C. § 39-20-05 does not permit the Department to unilaterally determine hearings will be telephonic, N.D.C.C. § 28-32-35 also prohibits the Department from making such determinations.  As it is possible to give effect to both statutes, this Court need not determine whether the specific provision, N.D.C.C. § 39-20-05, is an exception to the general provision, N.D.C.C. § 28-32-35, or whether the Legislature intended the general provision to prevail.  
See
 N.D.C.C. § 1-02-07 (“[I]f the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.”).

Landsiedel
, at ¶ 13.

[¶22] As noted in 
Landsiedel
, a special provision prevails and must be construed as an exception to a general provision.  
See also
 N.D.C.C. § 1-02-07.  This Court has said, “In construing statutes, specific provisions prevail over general provisions relating to the same subject matter, absent a manifestation of legislative intent to the contrary.”  
Stalcup v. Job Serv. N.D.
, 1999 ND 67, ¶ 11, 592 N.W.2d 549 (quoting 
 Estate of O’Connell
, 476 N.W.2d 8, 11 (N.D. 1991)).  The review process provided in N.D.C.C. § 50-24.1-24 is a special provision and must prevail over the general provisions provided in the AAPA.

[¶23] The legislature has provided a process for the review of provider appeals within N.D.C.C. § 50-24.1-24.  The AAPA allows exceptions to the application of its procedural rules.  
See
 N.D.C.C. §§ 28-32-23 and 28-32-35.  Section 28-32-23, N.D.C.C., allows an administrative agency to “adopt specific agency rules of procedure when necessary to comply with requirements found elsewhere in this code[,]” and N.D.C.C. § 28-32-35 permits administrative agencies to “regulate the course of the hearing in conformity with this chapter and any rules adopted under this chapter by an administrative agency, any other applicable laws, and any prehearing order. ” Although the legislature has directed the Department to issue its final decision “to conform to the requirements of section 28-32-39,” the legislature has also clearly and unambiguously provided a procedural process for a review of provider appeals.  If there is a conflict between the AAPA procedure and the specific procedure provided in N.D.C.C. § 50-24.1-24, the appropriate procedure to follow is the more specific procedure in the special provisions provided by the legislature for the review of the claims at issue.

[¶24] Furthermore, the legislative history supports this interpretation.  Section 50-

24.1-24, N.D.C.C., was enacted in 2005.  
See
 2005 N.D. Sess. Laws ch. 425, § 2.  During the committee hearings on the proposed legislation, Melissa Hauer, an attorney for the Department, testified the statute would allow for a paper review of a denial of payment with the ability to appeal to the district court and the supreme court.  
Hearing on H.B. 1206 Before the House Human Servs. Comm.
, 59th N.D. Legis. Sess. (Jan. 12, 2005) (testimony of Melissa Hauer, attorney for the Department of Human Services).  She further testified the statute would allow for a paper review with the provider supplying all the paper documents to keep the time and costs down and to keep the process more streamlined and efficient. 
Id.
 The initial version of the bill potentially would have provided an appeal right under the AAPA with a hearing, but the bill was amended to clarify a less formal, internal review would be provided.  
Id.
 (verbal and written testimony of Melissa Hauer); 
Hearing on H.B. 1206 Before the House Human Servs. Comm.
, 59th N.D. Legis. Sess. (Jan. 25, 2005) (vote accepting amendment to bill); 
Hearing on H.B. 1206 Before the Senate Human Servs. Comm.
, 59th N.D. Legis. Sess. (February 16, 2005)[“
Senate Comm. Hearing
 
on H.B. 1206
”] (written testimony of Rep. Bill Devlin) (stating the Department worked with the House committee to work out a compromise on the appeal process); 
see also
 Fiscal Note, H.B. 1206, 59th N.D. Legis. Sess. (Jan. 28, 2005) (stating, “The amendment provides for the appeal to be handled by the Department internally resulting in no fiscal impact.”).  The legislature did not intend the statute to provide for a traditional administrative hearing, and the statute instead provides an informal final determination by the Department.  
See Senate Comm. Hearing
 
on H.B. 1206
, 
supra
 (written testimony of Jim Ganje, Office of State Court Administrator).  The legislature intended that N.D.C.C. § 50-24.1-24 would provide a more informal agency review and that all of the AAPA adjudicative procedural requirements would not apply.

[¶25] Great Plains was entitled to be provided with the administrative review provided in N.D.C.C. § 50-24.1-24, and the absence of a hearing in compliance with the AAPA does not require reversal of the Department’s determination.

VI

[¶26] Great Plains also argues it did not receive a fair hearing because the Department decided the claims were overpaid for a different reason than was initially given in the RAC audit.  Great Plains asserts that it submitted evidence and arguments to refute the RAC audit results, but the Department upheld the overpayment decision based on issues that were not raised by the RAC audit.

[¶27] This Court has previously determined that “[t]he right to a fair hearing comporting with due process includes reasonable notice or opportunity to know of the claims of opposing parties and an opportunity to meet them.”  
Flink v. N.D. Workers Comp. Bureau
, 1998 ND 11, ¶ 16, 574 N.W.2d 784 (quoting 
Mun. Servs. Corp. v. N.D. Dep’t of Health and Consol. Labs.
, 483 N.W.2d 560, 564 (N.D. 1992)).  “Due process prescribes that the participant in an administrative proceeding be given notice of the general nature of the questions to be heard, and an opportunity to prepare and to be heard on those questions.”  
Estate of Robertson
, 492 N.W.2d 599, 602 (N.D. 1992).  “Notice is adequate if it apprises the party of the nature of the proceedings so that there is no unfair surprise.”  
Id.
  This Court has also held that “[b]asic notions of fundamental fairness also dictate that a person challenging an agency action must be adequately informed in advance of the questions to be addressed at the hearing so that the person can be prepared to present evidence and arguments on those questions.”  
Id.
  The notice must adequately specify the issue to be considered.  
Id.
 at 603.

[¶28] Great Plains claims the audit report gave notice of the reasons for the denial by identifying specific issue codes and individualized comments for each claim.  Great Plains contends it responded by providing documents and arguments to those specific allegations, and the Department denied the claims for different reasons than given in the RAC audit report, using different issue codes or different specific reasons.  Great Plains offered the appeals of claims related to three Medicaid recipients as examples.

[¶29] In file number 197-15, the RAC audit report stated four claims should be disallowed, listing issue codes 14 and 21 and including the comment, “[M]issing documents - Documentation of required MD visit.  The prescription is missing length of need.”  The Department’s memorandum explaining its decision upholding the denial lists issue code 14 and states, “Length of need and medical necessity is not addressed on the prescription.  No prior authorization or Certificate of Medical Necessity submitted with appeal paperwork.”  Both the audit report and the final decision state the length of need was missing from required documentation.  The Department requires the length of need be included on the prescription, prior authorization, or certificate of medical necessity; and, in this case, it was not included on the prescription, and the other documents were not provided.  The audit and final decision are consistent and denied the claims for the same reason.

[¶30] In file number 189-15, the audit report lists issue codes 14 and 21 for denying both claims and states, “[M]issing documents - Documentation of required MD visit.  The prescription is missing diagnosis, medical necessity and length of need.”  The Department’s memorandum explaining its decision upholding the denial lists issue codes 14 and 21, and states, “Diagnosis, length of need and medical necessity is not addressed on the prescription.  No prior authorization or Certificate of Medical Necessity submitted with appeal paperwork.  Prescription does not have recipient date of birth or Medicaid ID number.”  The memorandum also states, “Provider did not provide documentation showing that a medical examination of the recipient was completed within 60 days of the date of service, as required.”  The Department’s final decision gives the same reasons as the audit.  The final decision and audit are consistent in the reason given for denying the claims.

[¶31] In file number 184-15, the audit report lists issue codes 14 and 21 for denying both claims and states, “[M]issing documents - Documentation of required MD visit. The prescription is missing diagnosis, medical necessity and length of need.”  The Department’s memorandum explaining its decision upholding the denial lists issue codes 14 and 21, but states, “Prescription is not dated” and “Unsure if this was a current prescription as there was not a date on it.”  The memorandum also gives a citation of authority, which explains what documents are acceptable for the required information, and that the recipient must have been examined within 60 days and that the physician must have provided sufficient rationale to substantiate the medical need.  The Department stated it was not sure if the submitted prescription was a current prescription because it did not have a date and the audit report indicates documentation of the required doctor’s visit was missing, which is consistent with the failure to provide a current prescription.  Great Plains claims the prescription is dated, but the date appears to be in the space for date of birth, even though that date of birth would not make sense for that patient.  Great Plains also claims it rebutted the alleged missing diagnosis, medical necessity, and length of need on the prescription by providing documents containing those three elements.  Like many of the claims, the information about diagnosis, medical necessity, and length of need was submitted on various documents, but the information was not submitted on the specific documents the Department requires.

[¶32] After reviewing the claims Great Plains asserts represent instances where it was not provided with adequate notice of the issues, we conclude adequate notice was provided.  Great Plains has not established it did not receive a fair hearing as the result of inadequate notice of the issues.

VII

[¶33] We affirm the district court judgment affirming the Department’s determination regarding the overpayments made to Great Plains.

[¶34] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.