Filed 2/1/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 35

Sanford HealthCare Accessories, LLC, Appellee

v.

North Dakota Department of Human Services

and Christopher D. Jones, in his capacity as 

Executive Director of North Dakota Department

of Human Services, Appellants

No. 20170238

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Monte L. Rogneby (argued) and Justin J. Hagel (appeared), Bismarck, ND, for appellee.

James E. Nicolai (argued) and Elizabeth Fischer (appeared), Bismarck, ND, for appellants.

Sanford HealthCare Accessories, LLC v. N.D. Dep’t of Human Services

No. 20170238

VandeWalle, Chief Justice.

[¶1] The North Dakota Department of Human Services appealed from a district court judgment reversing the Department’s order deciding Sanford HealthCare Accessories received overpayments for medical equipment supplied to Medicaid recipients and ordering recoupment.  We reverse and remand, concluding the district court erred in deciding the Department’s failure to comply with the statutory time requirement for issuing its final order precluded the Department from acting. 

I

[¶2] Sanford is enrolled as a Medicaid Durable Medical Equipment and Supply Provider, providing medical equipment and services to North Dakota Medicaid recipients.  Sanford bills the Department for the equipment, supplies, and services by submitting Medicaid claims to the Department.  The Department pays Sanford under the Medicaid program.  The Department has published its documentation requirements and procedures for billing Medicaid claims in a Manual for Durable Medical Equipment, Orthotics, Prosthetics and Supplies.

[¶3] The Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq. (2010), and related federal regulations require states to establish a Medicaid Recovery Audit Contractor Program to audit past payments to ensure the state’s Medicaid billing procedures and policies were followed by providers who requested payment of Medicaid claims.  The Department contracted with an audit contractor, Cognosante, to review provider submitted Medicaid claims to evaluate whether the claims satisfied the state’s Medicaid billing procedures. 

[¶4] Cognosante audited Sanford’s claims for services provided between January 1, 2011, through December 31, 2013, and identified various claims that had been paid but did not meet billing procedures.  Cognosante determined those claims were overpayments and the Department was entitled to seek recoupment. It determined the Department was entitled to recoup $251,916.26 from Sanford for various billing errors, omissions, and irregularities.

[¶5] On September 15, 2015, Sanford appealed to the Department numerous claims worth $164,809.96 under N.D.C.C. § 50-24.1-24, requesting reversal of the audit findings. Sanford did not appeal 111 claims worth $85,164.00.  Sanford provided documents and other information supporting its request for review.  

[¶6] On April 27, 2016, the Department issued an order, finding Sanford did not comply with billing procedures, overpayment was made in the amount of $109,747.89 on the claims Sanford appealed, and recoupment was proper.  The Department also ordered Sanford to remit payment of $85,164.00 for the claims Cognosante found were overpaid but Sanford did not appeal to the Department.  The Department ordered Sanford pay a total of $194,911.89. 

[¶7] Sanford appealed to the district court.  Sanford argued the Department’s decision was not in accordance with the law because the Department did not comply with statutory requirements.   

[¶8] The district court reversed the Department’s decision, concluding the decision was not in accordance with the law because the Department failed to comply with the statutory time requirement for issuing its decision under N.D.C.C. § 50-24.1-24(5).   The court ruled the statute requires the Department to issue its final decision within seventy-five days of receipt of the notice of request for review, the legislature intended the Department issue its decision within a reasonable time frame, and the seventy-five day time limit may be extended for a reasonable amount of time upon a showing of good cause.  The court explained the Department far exceeded the seventy-five days allowed by statute and it was not persuaded by the Department’s arguments that the decision was delayed because the documents Sanford submitted were a “disorganized mess” and that Sanford was not prejudiced by the delay. 

II

[¶9] We exercise limited appellate review of an administrative agency’s decision under the standards set out in N.D.C.C. § 28-32-46.  
Coon v. N.D. Dep’t of Health
, 2017 ND 215, ¶ 7, 901 N.W.2d 718.  The agency’s decision will be affirmed unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of [N.D.C.C. ch. 28-32] have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.  We review the agency’s decision and the record compiled before the agency, but we give respect to the district court’s sound reasoning.  
Coon
, at ¶ 7.

III

[¶10] The Department argues the district court erred in concluding its decision was not in accordance with the law because the Department failed to render its decision within the time required under N.D.C.C. § 50-24.1-24(5).  The Department contends the statutory time limit is directory, not mandatory, and Sanford did not allege or prove it was prejudiced by the delayed decision.

A

[¶11] Section 50-24.1-24, N.D.C.C., provides the procedure for a provider to appeal a denial of payment for a medical assistance claim, stating:

2. A provider may request a review of denial of payment under this section by filing within thirty days of the date of the department’s denial of the claim a written notice with the department which includes a statement of each disputed item and the reason or basis for the dispute. . . . 

3. Within thirty days after requesting a review, a provider shall provide to the department all documents, written statements, exhibits, and other written information that support the provider’s request for review, together with a computation and the dollar amount that reflects the provider’s claim as to the correct computation and dollar amount for each disputed item.

4. The department shall assign to a provider’s request for review someone other than any individual who was involved in the initial denial of the claim. A provider who has requested review may contact the department for an informal conference regarding the review anytime before the department has issued its final decision.

5. The department shall make and issue its final decision within seventy-five days of receipt of the notice of request for review. The department’s final decision must conform to the requirements of section 28-32-39. A provider may appeal the final decision of the department to the district court in the manner provided in section 28-32-42, and the district court shall review the department’s final decision in the manner provided in section 28-32-46. The judgment of the district court in an appeal from a request for review may be reviewed in the supreme court on appeal by any party in the same manner as provided in section 28-32-49.

[¶12] Section 50-24.1-24(5), N.D.C.C., states the department “shall make and issue its final decision within seventy-five days[.]”  Sanford contends this provision is mandatory and requires the department to issue its final decision reviewing a denial of payment within seventy-five days.

[¶13] Statutory interpretation presents a question of law, which is fully reviewable on appeal.  
Opp v. Dir., N.D. Dep’t of Transp.
, 2017 ND 101, ¶ 6, 892 N.W.2d 891.  The primary objective in interpreting a statute is to determine the legislature’s intent. 
 Mosser v. Denbury Res., Inc.
, 2017 ND 169, ¶ 13, 898 N.W.2d 406.  To determine the legislative intent we first look at the language of the statute.  
Id.
  Words are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined or contrary intention plainly appears.  N.D.C.C. § 1-02-02. 

[¶14] “Ordinarily, the word ‘shall’ in a statute creates a duty which is mandatory and the word ‘may’ creates a duty which is directory; however, where it is necessary to effect the legislative intent, the word ‘shall’ will be construed as ‘may.’” 
Solen Pub. Sch. Dist. No. 3 v. Heisler
, 381 N.W.2d 201, 203 (N.D. 1986).  We have said mandatory and directory statutes both impose duties, but we have explained that they have different consequences for failing to perform the duty, stating:

If the prescribed duty is essential to the main objective of the statute, the statute is mandatory and the failure to comply with it will invalidate subsequent proceedings; however, if the duty is not essential to accomplishing the main objective of the statute but is designed to assure order and promptness in the proceeding, the statute is directory and the failure to comply with it will not invalidate subsequent proceedings.

Id.  
We have generally interpreted statutory provisions requiring public officers to perform within a specified time to be directory so that the interests of private parties and the public will not be injured by the delay.  
Id.
 at 204.  A statutory provision may be construed to be directory to avoid harsh, unfair, or absurd consequences when a mandatory construction may injure a party not at fault.  
See id. 

[¶15] The primary objective of N.D.C.C. ch. 50-24.1 is to provide medical care and services to people whose income and resources are insufficient to meet those costs and to provide preventative, rehabilitative, and other services to help families and individuals to retain or attain capability for independence or self-care.  N.D.C.C. § 50-24.1-01.  Section 50-24.1-24, N.D.C.C., provides procedure for providers to appeal a denial of payment for a medical assistance claim.  The seventy-five day time period assures order and promptness in reviewing a provider’s appeal of a denial.  The interests of private parties and the public are best served by construing the statute to be directory.  The statute allows a provider to request review of the Department’s denial of payment for a medical assistance claim or reduction in the level of service payment for a service provided.  The statute applies to cases where the Department is seeking recoupment for payments previously made after an audit determined the payment was an overpayment, but it also applies to other cases where a provider’s claim has been denied before any payment is made.  If the seventy-five day time period is mandatory, providers may be deprived of review of the Department’s prior decision denying payment in cases that do not involve recoupment, which could lead to harsh or unfair consequences.  We therefore conclude the statutory time requirement for the Department to issue its final decision is directory. 

B

[¶16] Because the time requirement is directory, non-compliance with the requirement alone will not invalidate the Department’s order, without a showing of prejudice.  
See Ramsey Cty. Farm Bureau v. Ramsey Cty.
, 2008 ND 175, ¶ 13, 755 N.W.2d 920.   If there is no prejudice to the provider, the legislature did not intend the Department’s failure to comply with the time period for a final decision to preclude review of a denial.  
See Solen
, 381 N.W.2d at 204 (holding statutory time period for committee to render a decision was not mandatory and would not preclude action absent prejudice).  “[C]ourts employ a balancing test to determine whether prejudice to a party caused by the delay is outweighed by the interests of another party or the public in allowing the act to be performed after the statutory time period has elapsed.” 
Id.
 

[¶17] The district court reversed the Department’s decision because the Department failed to comply with the statutory time period for issuing the decision.  The court said the Legislature intended the Department issue its final decision within a reasonable period of time and only upon a showing of good cause may the time limit be extended for a reasonable amount of time.  The court further explained:

The mandatory statutory timeframe is in place for a reason.  While waiting for [the Department] to issue its final decision, Sanford had to maintain the funds. [The Department] did not issue its final order for nearly triple the amount of time allowed under the law.

This Court can certainly appreciate that more time may have been necessary to sift through documents and to organize them, but the Department has provided no explanation as to why it did not request more time.  The legislature’s decision to use the word “shall” in the statute is a strict deadline, and plainly means, at the very least, that the Department must issue its final decision within reason of the 75-day requirement or provide good cause for why it will not be able to meet that deadline.  The time the Department took to issue its decision in this case, nearly 225 days, is certainly not within reason of the 75-day statutory requirement and is not “in accordance with the law.”  N.D.C.C. 28-32-46.

[¶18] Because the statutory time requirement is directory, Sanford was required to establish actual prejudice, and the district court was required to apply the balancing test to determine whether the Department’s failure to comply with the time requirement invalidated its final order.  The court, however, required the Department to prove good cause for exceeding the time requirement, which placed the burden on the Department.  The court did not apply the correct test.  Sanford was required to establish actual prejudice, and the court was required to apply the balancing test to determine whether the prejudice caused by the delay is outweighed by the interests of another party or the public in allowing the final decision to be issued after the time requirement expired.  
See
 
Solen
, 381 N.W.2d at 204.  

[¶19] Although the district court implied Sanford was prejudiced because it had to maintain the funds while it waited for the Department’s decision, that alone was not sufficient.  Sanford was required to present evidence of actual prejudice, and the court was required to balance any actual prejudice against the interest another party or the public may have in allowing the Department to issue a final decision.  The district court erred by failing to apply the proper test to determine whether the Department’s failure to comply with the statutory time requirement precluded it from issuing a final decision.

C

[¶20] Sanford argues that even if it did not establish actual prejudice, it established potential prejudice exists and the Department systemically disregarded the law.  Sanford claims it advanced 29 appeals related to 33 claims of overpayment; the Department has cases with two other providers that also involve numerous appeals, 
see Altru Specialty Servs., Inc. v. N.D. Dep’t of Human Servs.
, 2017 ND 270, and 
St. Alexius Med. Ctr. v. N.D. Dep’t of Human Servs.
, 2018 ND 36; and the Department failed to comply with the statutory time requirement in all three cases.  Sanford asserts these cases are evidence the Department has systemically disregarded the law. 

[¶21] When there is no actual prejudice and the conduct is only potentially prejudicial, a court may reverse a decision favorable to a governmental agency if the agency has systemically disregarded the requirements of the law to ensure the agency acts consistently and predictably in accordance with the law.  
Madison v. N.D. Dep’t of Transp.
, 503 N.W.2d 243, 246-47 (N.D. 1993).  “To establish a systemic disregard, a party must demonstrate some persistent pattern of improper agency conduct, and more than a single miscue by the government is required to evidence institutional noncompliance which amounts to systemic disregard of the law.”  
May v. Sprynczynatyk
, 2005 ND 76, ¶ 17, 695 N.W.2d 196.  “Reversal for conduct which is merely potentially prejudicial, without a showing of actual prejudice, may be warranted as a sanction for institutional noncompliance and systemic disregard of the law if the conduct is commonplace.”  
Id.

[¶22] The Department argues Sanford cannot show potential prejudice or a systemic failure to comply with the statutory time requirement.  The Department claims it failed to comply with the seventy-five day requirement because it was required to review multiple appeals from a large volume of claims over a limited period of time. The Department contends the legislature did not contemplate the type of audit appeals the Department would be required to conduct when it adopted the statute’s seventy-five day requirement, and the delay in this case was due to the large volume of audit appeals it had to review, which was a single occurrence.

[¶23] The Patient Protection and Affordable Care Act was enacted by the United States Congress in 2010, and it imposed various mandatory program requirements on state Medicaid programs, including requiring states to audit Medicaid claims filed by medical providers.  
See
 Patient Protection and Affordable Care Act, Pub. L. No. 111-

148, § 6411, 124 Stat. 119, 773-75 (2010); 42 C.F.R. § 455.  The Department’s audit program was new and N.D.C.C. § 50-24.1-24 was used to allow providers to appeal the Department’s audit decision.  Section 50-24.1-24, N.D.C.C., was enacted in 2005, before this type of audit was required, and has not been amended since it was enacted.  
See
 2005 N.D. Sess. Laws ch. 425, § 2.  

[¶24] In 
Madison
, 503 N.W.2d at 246-47, this Court reversed a district court judgment affirming a Department of Transportation decision revoking a driver’s license because the agency systemically disregarded the law.  This Court said N.D.C.C. § 28-32-06 required the admissibility of evidence in an administrative proceeding be determined in accordance with the Rules of Evidence, the agency’s notice of hearing form contained a preprinted waiver of the Rules of Evidence contrary to the statute, the agency had misread or was ignoring the statute, and the agency continued to waive the Rules despite district court instructions to the contrary.  
Id.
 at 246.  We concluded the agency systemically disregarded the law and the interests of justice required reversal to make the statute’s meaning and effect clear to the agency and to ensure the agency acts consistently and predictably in accordance with the law.  
Id.
 at 247.

[¶25] This case is different from 
Madison
.  There is no evidence that the Department misread or ignored the statute or that it continued to disregard the law despite instruction from the court to the contrary.   The record in this case does not establish a persistent pattern of improper conduct.  Although this Court is aware the Department also failed to comply with the seventy-five day statutory requirement for appeals involving two other providers, these three providers are large providers, and their appeals each involved numerous claims requiring the Department to review the appeals for all three over a short period of time. We conclude the Department’s conduct has not yet risen to the level of systemic disregard of the law and reversal is not warranted as a sanction at this time.

D

[¶26] In summary, we conclude the seventy-five day requirement for the Department’s final decision in N.D.C.C. § 50-24.1-24(5) is directory.  It is not clear whether the district court properly applied the balancing test to determine whether the prejudice to Sanford outweighed the interests of another party or the public in allowing the Department to issue a final decision.  We reverse the district court’s decision reversing the Department’s order for recoupment and remand for the court to properly apply the balancing test.  On remand, the parties may present evidence on the balancing test.  If the court determines the prejudice to Sanford does not outweigh the interests of another party or the public, the court must address the merits of the appeal. 

IV

[¶27] We reverse the district court’s judgment and remand for further proceedings consistent with this opinion.

[¶28] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Mary Muehlen Maring, S.J.

[¶29] The Honorable Mary Muehlen Maring, S.J., sitting in place of Jensen, J., disqualified.